United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>HARTFORD COURT<br>DEVELOPMENT, INC.,<br><br>Debtor. | Case No. 17 BK 01356<br><br>Chapter 11<br><br>Judge: Hon. Jack B. Schmetterer |

## MEMORANDUM OPINION ON CREDITOR GHALEB AZROUI'S AMENDED MOTION TO DEEM UNEXPIRED LEASE REJECTED AND TO SURRENDER LEASED PROPERTY TO THE LESSOR [DKT. NO. 146]

Creditor Ghaleb Azroui ("Azroui"), derivatively on behalf of Catherine Courts Condo Association ("Catherine Courts"), has moved to deem an unexpired lease between Catherine Courts and the Debtor, Hartford Court Development, Inc. ("Debtor"), rejected and to surrender the underlying leased property to the lessor, Catherine Courts.

For reasons discussed below, Azroui's Motion is denied.

### UNDISPUTED FACTS

1. The Debtor is an Illinois corporation that owns multiple condominium units and six clothes washers and six dryers to generate laundry revenue at Catherine Courts. (Dkt. No. 155.)

2. Debtor and Catherine Courts entered into a lease in July 2008 which allowed Debtor to manage coin-operated laundry machines in one of Catherine Courts' residential buildings. (Dkt. No. 146.)

3. The lease requires the Debtor to pay 30% of what it earns from the operation of the laundry machines each quarter to Catherine Courts. (Dkt. No. 146.)

4. Azroui asserts in his Motion that Debtor's owner, Paula Walega ("Walega") stated that between July 1, 2008 and December 31, 2016, Debtor earned at least $107,888.00 from the laundry machines. (Dkt. No. 146.)

5. Azroui asserts in his Motion that Walega stated that between January 1, 2017 and June 30, 2017, the Debtor earned $5,629.00 from the laundry machines. (Dkt. No. 146.)

6. Walega is both the owner of the Debtor corporation and a member of Catherine Courts' Board of Directors. (Dkt. No. 146.)

7. Debtor filed its Chapter 11 bankruptcy petition on January 17, 2017. (Dkt. No. 155.)

8. Azroui filed the instant Motion to Deem Unexpired Lease Rejected and to Surrender Property to the Lessor on September 25, 2017. Azroui argues that as a member of

1

Catherine Courts, he has derivative standing to pursue this Motion, and that in breach of the lease agreement between Debtor and Catherine Courts, Debtor allegedly has only made one rent payment in the amount of $3,741.00 for the rental year 2009. Furthermore, Azroui argues that, pursuant to 11 U.S.C. § 365(a), because Debtor never explicitly assumed the contract, sufficient time has passed that the contract must be deemed rejected. (Dkt. No. 146.)

9. Debtor filed its Response on October 4, 2017. Debtor argues that in the state court action pending in the Circuit Court of Cook County, Case No. 16 CH 13990 (filed by Azroui against Debtor seeking an accounting of all monies received by Debtor and all rents due to Catherine Courts pursuant to the lease, appointing a custodian to manage the affairs of the Association in place of the current board and barring the current board members from voting or serving on the board, and to recover damages based on the alleged breach of fiduciary duty by the board members and unpaid past due rent on part of the Debtor), there has been no finding that Azroui has derivative standing, and thus Azroui's claim that he does have derivative standing is untrue. Additionally, Debtor states that it has made more than the single 2009 payment that Azroui alleges, and that because it has been making payments on the lease, it has constructively assumed the lease, citing *In the Matter of James Wilson Associates*, 965 F.2d 160 (7th Cir. 1992). (Dkt. No. 155.)

10. Azroui filed his Reply on October 6, 2017. He again argues that he has derivative standing on behalf of Catherine Courts because he is a member of the condo association and because Walega is a member of Catherine Court's board, it would be futile to ask the condo association to assert its rights against the Debtor as she is also its owner, citing *Davis v. Dyson*, 387 Ill.App.3d 676, 705 (1st Dist. 2008). Furthermore, Azroui argues that because no party-in-interest has objected to his proof of claim that it is an allowed proof of claim and he has standing as a creditor of the estate to bring this Motion. Azroui further argues that Debtor did not assume the lease by its actions, citing *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077 (9th Cir. 1989), which noted that a debtor-in-possession must file a formal motion to seek the assumption or rejection of a lease.

11. Catherine Courts has not filed any response to this Motion, and on December 5, 2017, Counsel for Catherine Courts appeared before this Court and indicated that it had no interest to file a brief pertaining to this Motion.

2

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## DISCUSSION

The parties are in dispute over two issues. First, whether Azroui has standing to pursue his Motion at all, derivatively on behalf of Catherine Courts. Second, the parties are in dispute as to whether the lease was automatically deemed rejected pursuant to 11 U.S.C. § 365(d)(4). Each of these issues is discussed below.

### I. Azroui Has Standing to Bring the Instant Motion

Debtor challenges Azroui's assertion of derivative standing on behalf of Catherine Courts because it argues that the state court has not determined that he has derivative standing. Azroui is a creditor with a claim against Debtor's estate that has not been objected to. Pursuant to 11 U.S.C. § 365(d)(4), which states that unexpired leases of nonresidential real property are deemed automatically rejected if they are not assumed or rejected within 120 days of the order for relief, creditors may move to deem leases rejected, and bankruptcy courts frequently entertain such motions by creditors to deem unexpired leases rejected pursuant to the aforementioned provision. *See In re Williams*, 2017 WL 2628430, at *1 (Bankr. M.D. Ala. June 16, 2017); *In re VMS Nat. Properties*, 148 B.R. 942, 943 (Bankr. C.D. Cal. 1992). However, simply being a creditor of the estate does not automatically grant Azroui standing to bring this derivative claim on behalf of Catherine Courts.

In order to bring this Motion, Azroui must show that he has derivative standing on behalf of Catherine Courts. An attack on a movant's claim of derivative standing is more properly characterized as a question of whether the movant is the correct party-in-interest. *In re Cheeks*, 467 B.R. 136, 146 (Bankr. N.D. Ill. 2012). Pursuant to Federal Rule of Civil Procedure 17(a) (made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7017), "[a]n action must be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). Whether a party is the correct party-in-interest is a matter of state law. *Ching v. Porada,* 560 F.Supp.2d 675, 678 (N.D. Ill. 2008). Thus, it is necessary to turn to Illinois law to determine whether Azroui is the

3

correct party-in-interest under Rule 17(a), and therefore, whether he has standing to bring the present Motion.

As a preliminary matter, members of condominium associations may bring derivative suits on behalf of the associations against the current board of directors, pursuant to Illinois precedent. *Davis v. Dyson*, 387 Ill. App. 3d 676, 683 (2008). In Illinois, a shareholder must make a demand upon the directors of a corporation, and once that demand has been properly made and refused, or excused, the shareholder may proceed with the derivative action. *Valiquet v. First Fed. Sav. & Loan Ass'n of Chicago*, 87 Ill. App. 3d 195, 201 (1979). Additionally, in *Davis v. Dyson*, an Illinois court explained that in situations where a condominium unit owner seeks to sue third parties to redress wrongs allegedly done to the condominium association itself, they may do so only when they have alleged that the condominium board's decision not to sue was not a valid exercise of its business judgment. 387 Ill. App. 3d 676, 688–89 (2008).

In the instant case, Azroui alleges that demand upon the board would be futile because Walega is a dominant member of the board, and all of the board members are friends. He further alleges in his state court complaint (attached to his Motion as Exhibit A) that the board of directors' refusal to collect rents from Debtor, perform audits and accountings and maintain records is a violation of the business judgment rule. Facially, Azroui has met the requirement of pleading that the board's refusal to act is a violation of the business judgment rule, pursuant to *Davis*. *Id.* The remaining question is whether Azroui was required to make a request upon the board to exercise its rights against Debtor, or whether his request would be futile, and thus excused. Illinois courts have developed two approaches to determine whether demand can be excused as futile. First, demand is not required if the directors sought to be sued are in control of the corporation. *Borgsmiller v. Burroughs*, 187 Ill. App. 3d 1, 8 (1989). Given that Azroui has not included any member of Catherine Courts board as a party to this Motion, moving only against the Debtor, a third-party corporation, this approach is inapplicable. Second, "[d]emand is excused where 'the majority of the directors are themselves involved in the matters complained of, so that it is evident that the demand would be unavailing.'" *Valiquet*, 87 Ill. App. 3d at 200 (quoting *Babcock v. Farwell*, 245 Ill. 14, 46 (1910)).

In the instant case, Catherine Courts has not has not filed any response to this Motion, and on December 5, 2017, Counsel for Catherine Courts appeared before this Court and indicated that it had no interest to file a brief pertaining to this Motion. Given that Catherine

Courts has indicated that it has no interest or position with regards to the instant Motion, it must be found that any demand by Azroui upon the board of directors of Catherine Courts would be unavailing. Pursuant to Illinois precedent, Azroui is excused from making a demand upon Catherine Courts' board of directors and is deemed to have derivative standing on behalf of Catherine Courts to pursue the instant Motion.

**II. Pursuant to 11 U.S.C. § 365 the Lease Between Debtor and Catherine Courts is Deemed to have been Automatically Rejected after 120 Days**

The provision of the Bankruptcy Code governing the assumption or rejection of an unexpired lease by a debtor-in-possession is 11 U.S.C. § 365(d)(4), which provides that:

A. Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

    (i)    the date that is 120 days after the date of the order for relief; or
    (ii)   the date of the entry of an order confirming a plan.

B.

    (i)    The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
    (ii)   If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4). When the 120 day period elapses, unless a debtor-in-possession has filed a motion to assume, an unexpired lease of nonresidential real property is automatically deemed rejected, and the debtor-in-possession must relinquish the property to the lessor. In the instant case, 120 days from the date of the order for relief expired May 17, 2017.

Debtor argues that "[a]n assumption may be shown by word or by deed with the conclusion that trustee intended to assume the same," and that it has been making payments on the lease such that there is no default, contrary to Azroui's assertion. *Vilas and Summer, Inc. v. Mahoney (Matter of Steel Ship Corp.)*, 576 F.2d 128, 132 (8th Cir. 1978). There are two problems with Debtor's position, however. First, Azroui is not seeking damages in his Motion. Azroui is only seeking a determination that the lease be deemed rejected and that Debtor must immediately return the leased property to Catherine Courts. Whether Debtor is making payments on the lease is only relevant to the extent that might support Debtor's argument that a lease may

be assumed by some action, rather than by motion. However, Debtor is incorrect that in the Seventh Circuit, a lease may be assumed in bankruptcy by any manner other than by motion.

The Seventh Circuit Court of Appeals held in *Matter of James Wilson Associates*, a case which Debtor cites in its own Response brief, that the "bankruptcy rules require" a formal motion "asking that the bankruptcy judge approve the assumption." *Matter of James Wilson Assocs.*, 965 F.2d 160, 165 (7th Cir. 1992) (citing *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077 (9th Cir. 1989) and Fed.R.Bankr.P. 6006(a)); *see also In re BDM Corp.*, 71 B.R. 142, 144 (Bankr. N.D. Ill. 1987) ("Bankruptcy Rule 6006 states that a proceeding to assume or reject is governed by Bankruptcy Rule 9014. Bankruptcy Rule 9014, in turn, sets forth that the relief shall be requested *by motion* with reasonable notice and an opportunity for hearing afforded to the opposing party. Based on a reading of section 365 in its entirety, together with the language of Bankruptcy Rules 6006 and 9014, and the analysis of recent authority, it must be concluded that the only method of declaring an intention to assume is by filing a formal motion to assume within 60 days of the order for relief and that failure to do so will result in the lease being deemed rejected by operation of law") (emphasis in original).

The Seventh Circuit Court of Appeals in *Matter of James Wilson Associates* did not, as Debtor seems to suggest, find that the lease had been assumed, it simply noted that the debtor in that case had failed to make a formal motion to assume the lease and that the period prescribed by 11 U.S.C. § 365 had elapsed. *Matter of James Wilson Assocs.*, 965 F.2d at 165. Rather, the Court denied the motion because the movant "did not have an interest in the lease." *Id.* As discussed above, Azroui is a party-in-interest and does have derivative standing to bring this Motion, so Debtor's argument regarding the application of *Matter of James Wilson Associates* is incorrect.

In the instant case, Debtor has neither filed a motion to assume the lease within the 120 day period prescribed by 11 U.S.C. § 365(d)(4)(A)(i), nor has it requested any extension of time to do so pursuant to 11 U.S.C. § 365(d)(4)(B)(i) and (ii). Thus, the lease between Debtor and Catherine Courts is deemed to have been automatically rejected 120 days after the date of the order for relief, on May 17, 2017. The lease between Debtor and Catherine Courts is deemed to have been rejected on that date and Debtor will be ordered to return the leased property to Catherine Courts by separate order to be entered concurrently.

6

## CONCLUSION

For the foregoing reasons, Azroui's Motion to Deem Unexpired Lease Rejected and to Surrender Property to the Lessor will be granted. The lease between Debtor and Catherine Courts is deemed to have been rejected on May 17, 2017 and Debtor will be ordered to return the leased property to Catherine Courts by separate order to be entered concurrently.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this _____ day of January, 2018

JAN 2 5 2018